# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK COCKRELL,<br><br>          Plaintiff,<br><br>     v.<br><br>W. J. Sullivan, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00259-AWI-WMW PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE DENIED |

Plaintiff Frank Cockrell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss based on Plaintiff's failure to exhaust all of his administrative remedies prior to filing suit. (Doc #19.) For the reasons set forth below, the Court finds that Defendant failed to meet his burden in proving that Plaintiff did not properly exhaust all available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The Court recommends that Defendant's motion to dismiss be denied.

**I.     Background**

Plaintiff filed the complaint in this action on February 21, 2008. (Doc. #1.) Plaintiff alleged that he was retaliated against for the exercise of constitutionally protected rights. Plaintiff was scheduled to be transferred from the California Correctional Institution in Tehachapi, California ("CCI-Tehachapi") to the California Correction Center in Susanville, California ("CCC-Susanville"). Plaintiff's transfer would have threatened his health, move him away from his family, and prevent some sort of injunction related to an inmate grievance Plaintiff had filed. Plaintiff claimed that the

transfer was done in retaliation for inmate grievances and lawsuits he filed. The Court screened Plaintiff's complaint on February 3, 2009. (Doc. #12.) The Court determined that Plaintiff stated a cognizable claim against Defendant Avalos for retaliating against Plaintiff. Defendant filed a motion to dismiss on May 14, 2009. (Doc. #19.) Plaintiff filed a response to Defendant's motion on June 3, 2009. (Doc. #23.) Defendant filed a reply to Plaintiff's response on June 9, 2009. (Doc. #25.) On June 29, 2009, Plaintiff filed a response to Defendant's reply. (Doc. #26.)

**II.     Defendant's Motion to Dismiss**

Defendant argues in his motion to dismiss that he is entitled to dismissal because Plaintiff did not properly exhaust his administrative remedies prior to filing his lawsuit. (Def.'s Notice and Mot. to Dismiss for Failure to Exhaust 1:21-23.) Defendant argues that Plaintiff did not properly exhaust his available administrative remedies because he did not pursue an appeal to the final administrative level (the Director's level) before bringing this action. (Supp. of Mot. to Dismiss 3:3-4.)

In Plaintiff's response to Defendant's motion to dismiss, Plaintiff states that he submitted an emergency 602 appeal (an inmate grievance) some time prior to being transferred from CCI-Tehachapi to CCC-Susanville. (Pl.'s Resp. to Def.'s Mot. to Dismiss for Failure to Exhaust Administrative Remedies with P. & A. 1:16-18.) Plaintiff alleges that prison officials are required to respond to emergency appeals within five days, but in his case he was transferred on the fifth day and his appeal was never answered. (Resp. to Mot. to Dismiss 1:16-26.) Plaintiff explains that he filed his law suit after the five days passed because Plaintiff anticipated that prison officials would ignore his grievance.[1] (Resp. to Mot. to Dismiss 2:1-2.) Plaintiff argues that because prison officials did not answer his emergency appeal, they effectively prevented Plaintiff from exhausting his administrative remedies. (Resp. to Mot. to Dismiss 2:24-27.)

Plaintiff also appears to suggest that he was threatened with retaliation if he pursued his inmate grievance any further. Plaintiff alleges that "Plaintiff's lawyers and one of his son's[sic] was

---

[1] Plaintiff's allegations on this point are unclear. If Plaintiff expected the response to his emergency grievance to have been due within five days after submitting it, it would have been clear after five days that his grievance was ignored and would not require him to "anticipate" that his grievance was ignored.

2

told that if anyone called again, the Mr. Cockrell[sic] would be shipped to Pelican Bay, the only prison further north than Susanville." (Resp. to Mot. to Dismiss 2:2-6.) It is not clear how the threat to transfer Plaintiff "if anyone called again" is related to pursuing inmate grievances, but Plaintiff suggests later characterizes the incident as "threats to Plaintiff and the carrying out of those threats, in addition to the disappearance of his 602 appeal". (Resp. to Mot. to Dismiss 2:13-15.)

In response to Plaintiff's arguments, Defendant contends that Plaintiff did not file a grievance. (Def.'s Reply to Pl.'s Opp'n to Mot. to Dismiss 2:1-3.) Defendant alleges that an appeals coordinator logs all grievances of any kind. (Def.'s Reply 4:4-5.) Defendant alleges that there are no records that Plaintiff submitted any appeal on the claims at issue on or about February 7, 2008, as Plaintiff alleges. (Def.'s Reply, Ex. B, Decl. of K. Sampson, 2:28-3:5.) Defendants also argue that Plaintiff offers no documentary evidence to support his contention that he filed an emergency grievance and lacks personal knowledge that his grievance was destroyed. (Def.'s Reply 4:21-28)

Defendant also argues that Plaintiff's timing in filing his complaint suggests that Plaintiff did not make a good faith effort to exhaust his administrative remedies. Defendant argues that Plaintiff was approved to be transferred to CCC-Susanville on February 7, 2008. (Def.'s Reply 3:9-13.) The date that Plaintiff allegedly placed his inmate grievance in the complaint box was February 9, 2008. (Def.'s Reply 3:9-13.) Defendant points out that Plaintiff declared in a proof of service dated February 8, 2008 that he served Defendant Avalos and other prison officials with a copy of the complaint in this action that same day. (Def.'s Reply 3:23:-24.) Thus, Plaintiff served Defendant with the complaint the day after he was approved for the alleged retaliatory transfer, and a day before he placed his grievance in the complaint box for processing. (Def.'s Reply 3:23-26.) Defendant also alleges that Plaintiff was not transferred from CCI-Tehachapi until February 19, 2008, refuting Plaintiff's allegation was that he was transferred earlier to avoid responding to his grievance. (Def.'s Reply 3:27-4:2.)

Finally, Defendant also argues that had Plaintiff believed that his appeal had been denied at the first level because he had not received a response by the fifth day, he could have resubmitted the appeal to the appeals coordinator for processing at the third level. (Def.'s Reply 4:12-14.) As to the suggestion that Plaintiff was threatened if he pursued his inmate grievance, Defendant argues that

Plaintiff's argument is based on "hearsay of the worst kind." (Def.'s Reply 5:3-5.) Defendant argues that Plaintiff does not identify the prison official that made the threat, the persons who heard the alleged statement, or the date that the statement was made. (Def.'s Reply 5:5-7.) Nor does Plaintiff provide declarations under penalty of perjury from the persons that allegedly received the threats from the unknown prison official. (Def.'s Reply 5:7-9.)

### III. Discussion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit 15, § 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a

summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Ninth Circuit has not yet decided whether exceptions to the PLRA's exhaustion requirement exist. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008). However, other circuits have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. See, e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn,

1   318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from
2   utilizing is not an available remedy); <u>Brown v. Croak</u>, 312 F.3d 109, 113 (3d Cir.2002) (formal
3   grievance procedure not available where prison officials told prisoner to wait for termination of
4   investigation before filing formal grievance and then never informed prisoner of termination of
5   investigation); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent
6   a prisoner from utilizing is not an available remedy).

7        Defendant argues that Plaintiff never filed any inmate grievances.  Plaintiff argues that he
8   filed an emergency inmate grievance that was ignored by prison officials.  In situations where parties
9   offer differing version of events based on competing declarations, the Court must make a credibility
10  determination.  However, the Court is ill-equipped to make credibility determinations in resolving
11  disputed facts in a 12(b) motion, and therefore will find that Defendant has failed to meet his burden
12  in establishing that Plaintiff failed to exhaust his administrative remedies.

13       Defendant seeks to tip the scales in his favor by presenting a series of arguments that are
14  ultimately unavailing.  Defendant argues that no record of Plaintiff's alleged emergency inmate
15  grievance can be found.  However, the lack of a record would be entirely consistent with Plaintiff's
16  contention that prison officials lost or ignored his grievance.  If prison officials were intentionally
17  interfering with Plaintiff's ability to file grievances, then there would be no record of any filed
18  grievances.

19       Defendant argues that Plaintiff has produced no documentary evidence to support his claim
20  that he filed an emergency appeal.  Plaintiff's failure to produce documentary evidence to support
21  his claim that he filed a grievance does not tip the scales in Defendant's favor.  The Court is
22  cognizant of the difficulty (perhaps impossibility) of producing documentary evidence to support
23  Plaintiff's contention that he deposited an inmate grievance in the prison complaint box.

24       Defendant argues that Plaintiff offers no documentary evidence and lacks personal
25  knowledge to support his claim that prison officials threw out his appeal.  While it is true that
26  Plaintiff lacks personal knowledge of how his grievance was ignored, his lack of personal knowledge
27  is not fatal to his argument.  The precise manner in which prison officials ignored Plaintiff's
28  grievance is irrelevant - whether it was thrown in the trash, destroyed, or folded into a paper airplane

and thrown out the window. Plaintiff has personal knowledge that he submitted an emergency grievance and he did not receive a reply. Such facts are sufficient to support his claim that prison officials ignored his grievance.

Defendant argues that Plaintiff served Defendant with a copy of the complaint in this action the day after he was approved for the allegedly retaliatory transfer, and a day before he placed his grievance in the complaint box for processing. The fact that Plaintiff served Defendant with a copy of the complaint before he attempted to file his emergency inmate grievance bears no persuasive significance in determining whether or not Plaintiff has adequately exhausted. It is entirely plausible that Plaintiff prepared his complaint, served the complaint on Defendant to make his intention to sue known, attempted to exhaust his administrative remedies, then filed the complaint with the Court after he believed that his inmate grievance was ignored. The relevant point in time for measuring whether Plaintiff properly exhausted is whether he exhausted by the time he filed suit, not by the time he first serves Defendant with a copy of his complaint.

Defendant argues that, even assuming Plaintiff's initial grievance was ignored, Plaintiff could have resubmitted his grievance for third-level review. Plaintiff argues that he was deterred from pursuing his grievance further after his emergency grievance was ignored because an unidentified prison official told Plaintiff's lawyer and Plaintiff's son that Plaintiff would be transferred to Pelican Bay if he continued to complain. Defendant responds by arguing that Plaintiff seeks to admit inadmissible hearsay to support his claim that he was deterred from seeking further levels of administrative review.

While the statements from Plaintiff's lawyer/son are inadmissible hearsay for the purpose of proving that an unidentified prison official actually called Plaintiff's lawyer/son and threatened them, the statements are not inadmissible hearsay for the purpose of demonstrating the effect that they had on Plaintiff–deterring him from filing grievances. For the latter purpose, the statements are not being offered to prove the truth of the matter asserted. Nonetheless, the Court finds that it is unnecessary in this case for Plaintiff to demonstrate why he did not pursue higher levels of appeal after his emergency grievance was ignored. The Court finds that if prison officials failed to respond to Plaintiff's first emergency grievance, Plaintiff exhausted all administrative remedies that were

"available". Defendant failed to bear the burden of proving his version of the facts: that Plaintiff never filed the alleged emergency appeal. Nor does Defendant dispute Plaintiff's contention that the deadline for responding to an emergency grievance is five days. Thus, five days after Plaintiff allegedly filed his emergency grievance, the response was due. Plaintiff allegedly did not receive a response as required by the prison's procedural rules, and Plaintiff reasonably concluded that prison officials ignored his grievance and that his administrative remedies were exhausted. The Court finds that Defendant failed to meet his burden of proving that Plaintiff failed to exhaust all available administrative remedies and recommends that Defendant's motion to dismiss be denied.

### IV.  Conclusion and Recommendation

The Court finds that Defendant has failed to bear his burden of proving that Plaintiff failed to exhaust all available administrative remedies before he filed this action. Plaintiff and Defendant dispute whether Plaintiff filed an emergency grievance regarding the subject of this lawsuit that prison officials ignored. Neither party has presented persuasive evidence for the Court to decide the facts in their favor. As such, the Court finds that Defendant failed to prove that Plaintiff failed to exhaust.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss, filed May 14, 2009, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 16, 2009**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE