IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK COCKRELL, | ) | 1: 08-CV-0259 AWI WMW GSA (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DECLINING TO ADOPT |
| | ) | FINDINGS AND |
| v. | ) | RECOMMENDATIONS |
| | ) | |
| W. J. SULLIVAN, et al., | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| Defendants. | ) | DISMISS |
| | ) | |
| | | (Document #19) |

Frank Cockrell ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action alleging retaliation against a prison official pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 16, 2009, the Magistrate Judge entered Findings and Recommendations, recommending that Defendant's motion to dismiss be denied. On October 30, 2009, Defendant filed objections to the Findings and Recommendations. On November 30, 2009, Plaintiff filed a response to Defendant's objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court respectfully declines to adopt the Findings and Recommendations

Defendant moves to dismiss on the ground that Plaintiff did not exhaust his state administrative remedies prior to filing suit. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In the complaint, Plaintiff alleges that he placed an emergency administrative grievance in the prison complaint box on February 9, 2008.[1] The parties agree that emergency administrative appeals must be responded to within five working days pursuant to prison regulations. However, under prison regulations, weekends and holidays are not working days and the first day is excluded. Cal. Code Regs., tit. 15 § 4003(j) (2009).[2] In 2008, February 9 and February 10 were weekends and February 18 was a holiday. Disregarding the first day, the five day period would have expired on February 19, 2008. Plaintiff would have known the administrative appeal had not been timely returned on February 20, 2008. Plaintiff's complaint is dated February 18, 2008. Plaintiff left CCI-Tehachapi on February 19, 2008, and the complaint was mailed from CCI-Tehachapi. A complaint is deemed filed when delivered to "prison authorities for forwarding to the [d]istrict [c]ourt." Houston v. Lack, 487 U.S. 266, 270 (1988); Caldwell v. Amend, 30 F.3d 1199, 1202 (9th Cir. 1994). In order to satisfy section 42 U.S.C. § 1997e(a)'s exhaustion requirement, state prisoners are required to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). While a prison official's failure to timely return an appeal may deem administrative remedies

---

[1] Plaintiff alleges that he filled out the grievance on February 7, 2008, but because of photo copy problems did not place it in the box until February 9, 2008.

[2] Time limits for completion of appeals commence upon receipt of the appeal by the appeals coordinator. Cal. Code Regs., tit. 15 §§ 3084.6 (a) (West 2007).

2

| 1 | exhausted, see Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004),
| 2 | Plaintiff here did not wait until prison official's failure to timely return his appeal before filing
| 3 | this action. Thus, the court has no choice but to find Plaintiff failed to comply with 42 U.S.C. §
| 4 | 1997e(a)'s exhaustion requirement.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss is GRANTED;
2. The complaint is DISMISSED without prejudice; and
3. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

**Dated:   March 11, 2010**          /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE